Dee MAYNARD, Commissioner, Department of Personnel; Commonwealth of Kentucky, Department of Personnel; Commonwealth of Kentucky, State Personnel Board, Movants,

v.

Robert V. BULLOCK, Carl Miller, Charles Runyan, Walter Herdman, Martin Glazer, Mary R. Minch, Ellsworth Davis, and Joyce Schrader, Respondents.

Supreme Court of Kentucky.

May 2, 1985.

Debra H. Dawahare, Joseph H. Terry, Wyatt, Tarrant & Combs, Lexington, for movants.

Robert V. Bullock, Carl Miller, Charles Runyan, Walter Herdman, Martin Glazer, Ellsworth Davis, Mary R. Minch and Joyce Schrader, pro se.

VANCE, Justice.

The question is whether continuous service awards paid to certain state employees should be considered to be a part of their gross annual salary or wages in the computation of the amount of an increment provided by the enactment of K.R.S. 18A.355.

Prior to 1982, employees of the Commonwealth were paid in accordance with a pay scale with variations according to grade and in accordance with steps within a grade. Each step within a grade provided an increment in salary until the employee reached the last step within the grade.

No further increases in salary were provided by the pay scale after an employee reached the last step in his grade; however, 101 K.A.R. 1.050 provided:

"An employee shall be given a Continuous Service Award of five (5) percent of his current annual salary rate after completion of twelve (12) months service in the last step of the salary range for his class. *The five (5) percent Continuous Service Award shall be in a lump sum payment.*" (Emphasis added.)

Each of the respondents is a state employee who served more than 12 months in

the last step in his grade and had, prior to 1982, received a lump-sum, continuous service award. For the purpose of computing the amount of the award, "current annual salary" was considered to be the salary authorized for the last step in the grade or class achieved by the employee. The receipt of the continuous service award did not effect any increase in the employee's "current annual salary" which, regardless of the number of years service beyond the completion of the last step in a grade, remained the same. Likewise, the continuous service award remained the same each year.

In 1982 the General Assembly enacted K.R.S. 18A.355 which provided:

"An annual increment of not less than five percent of the gross annual salary or wages of each employee shall be granted to each employee."

Because of this enactment, 101 K.A.R. 1:050 was vacated. A question arose, however, as to whether the continuous service award paid to respondents the year before the enactment of K.R.S. 18A.355 should be considered as a part of their gross annual salary or wages for the purpose of computing the annual increment of such respondents, both in the first year of such computation and in future years.

The trial court held, the Court of Appeals affirmed, and the movants concede that the continuous service award is a part of the gross salary or wages earned by respondents in the year before K.R.S. 18A.355 became effective and that it is proper to include the continuous service award in the computation of the first annual increment due respondents under K.R.S. 18A.355. The dispute centers on whether or not the continuous service award should be carried forward as a part of respondents' gross annual salary or wages for the purpose of the computation of the annual increment in future years.

For purposes of illustration, the movants have provided us with the following chart which illustrates the difference in the method of computation advanced by the movants and the method advanced by the respondents. The chart assumes an annual salary in the last step of a grade of $20,000.00 and a continuous service award before the effective date of K.R.S. 18A.355 of $1,000.00.

|  |  | Movants' Procedure | Respondents' Procedure |
|---|---|---|---|
| Year Before Enactment of KRS 18A.355 | Base: | 20,000 | 20,000 |
|  | CSA: | +1,000 | +1,000 |
|  | Gross: | 21,000 | 21,000 |
|  | | (Difference: –0–) | |
| First Year Under KRS 18A.355 | New Base: | 20,000 | 21,000 |
|  | Increment: | +1,050 | +1,050 |
|  | Gross: | 21,050 | 22,050 |
|  | | (Difference: $1,000) | |
| Second Year Under KRS 18A.355 | New Base: | 21,050.00 | 22,050.00 |
|  | Increment: | +1,052.50 | +1,102.50 |
|  | Gross: | 22,102.50 | 23,152.50 |
|  | | (Difference: $1,050) | |

As can be seen from the chart, the respondents claim that a salary of $20,000.00 plus a continuous service award of $1,000.00 in the year before the effective date of K.R.S. 18A.355 should be carried forward as a gross salary or wages of $21,000.00 in the first year after the enactment. Thus, they contend that in the first year they should receive an increment equalling 5% of $21,000.00 or $1,050.00, which should then be added to their $21,000.00 salary and carried forward into the next years as a gross annual salary or wages of $22,050.00, with the same procedure to be followed in each ensuing year.

The movants contend that the $1,000.00 continuous service award was a lump-sum award which did not increase the $20,-000.00 annual salary. Movants concede that the gross salary or wages in the year before the effective date of K.R.S. 18A.355 was $21,000.00. They contend, however, that the increment is not to be based upon the previous year's gross annual salary or wages, but rather upon the current gross annual salary or wages. Thus, they reason that the $1,000.00 continuous service award in 1981 did not increase the salary which continued at $20,000.00 in 1982.

If that position is sound, then the increment in the first year after enactment of K.R.S. 18A.355 should have been .05 × $20,000.00 = $1,000.00. By the admission that the first increment should be computed on the basis of the past year's gross salary and earnings of $21,000.00, the movants have admitted, in effect, that the past year's gross annual salary or wages is to be carried forward each year as a new salary for the purpose of computing the increment.

We see no reason to doubt that the General Assembly intended that all state employees in the Executive Branch should receive an increase in pay of at least five percent on their increment date in 1982. The method of calculation advanced by movants in the hypothetical case set forth in the exhibit herein would grant an increase of only $50.00 above the amount the employee had received the year before,

which is an increase of less that ¼ of one percent, while all other state employees who had not reached the last step in their grade would receive at least five percent.

It seems to us that 101 K.A.R. 1.050, which created the continuous service award, was simply a device to create one additional pay raise beyond the last step authorized by the pay schedule. It represented pay for work done, and the employee who previously could not be paid more than authorized by the last step could then be paid no more than authorized by the last step plus the continuous service award.

■ For the purpose of calculating the annual increment due respondents, we hold that their gross annual salary or wages for the year before the enactment of K.R.S. 18A.355 shall be carried forward as their gross annual salary or wages for computation of the increment due in the first year under K.R.S. 18A.355. Each year thereafter the gross annual salary or wages plus any increment awarded shall be carried forward as a new salary for the succeeding year.

■ It is conceded by all parties that no issue was presented in this litigation as to whether employees' benefits such as insurance, educational allotments, and overtime should be included in determining the amount of gross annual salary or wages. To the extent that the opinion of the Court of Appeals may be deemed to include such benefits within the definition of gross annual salary or wages, it is reversed.

We affirm the decision of the trial court and the Court of Appeals that the continuous service awards paid to the respondents should be considered a part of their gross annual salary or wages for the computation of the first increment due respondents pursuant to K.R.S. 18A.355, and we further hold that the continuous service award should not be deleted in the computation of future increments pursuant to K.R.S. 18A.355, and we remand to the Franklin Circuit Court for entry of a new judgment in conformity with this opinion.

All concur.